UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARROW TRUCK SALES, INCORPORATED,

    Plaintiff,

v.                                                Case No. 8:14-cv-02052-JSM-TGW

TOP QUALITY TRUCK & EQUIPMENT, INC.
and JOE GELFO,

    Defendants.
_____/

**FIRST AMENDED COMPLAINT OF ARROW TRUCK SALES, INCORPORATED**

    COMES NOW Arrow Truck Sales, Incorporated, by and through its counsel of record, and for its First Amended Complaint against Defendants, states and alleges as follows:

    1.    Arrow Truck Sales, Incorporated ("Arrow Truck") is and was a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri.

    2.    Top Quality Truck & Equipment, Inc. ("Top Quality") is and was a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1604 S. 50th Street, Tampa, Florida.

    3.    Joe Gelfo ("Gelfo") is and was an individual and resident of the State of Florida who at all times material hereto was an employee and agent of Top Quality.

**COUNT I**
**Breach of Contract**

    4.    In early January 2014, Gelfo, in his capacity as an employee, agent and representative of Top Quality, negotiated for the sale of 12 2011 Mack CX4613 Trucks to Arrow Truck for a total purchase price of $570,000.00 ("Trucks"). A copy of the invoices issued by

Top Quality to Arrow Truck relating to the sale of the Trucks are attached hereto as Exhibit "A" and are adopted in its entirety herein.

5. Upon receipt of the invoices attached hereto as Exhibit A, Arrow Truck tendered payment in the manner as requested by Gelfo and Top Quality in the amount of $570,000.00. A copy of the instructions from Gelfo regarding the tender of payment for the Trucks is attached hereto as Exhibit "B" and is adopted in its entirety herein.

6. Even though Arrow Truck has complied with each and every term and condition of the agreement to purchase the Trucks, including payment for the Trucks, Top Quality and Gelfo have failed and refused to deliver possession of the Trucks to Arrow Truck, all to Arrow Truck's detriment and damage.

7. Arrow Truck has made numerous demands and requests upon Gelfo and Top Quality for delivery of the Trucks but said Defendants have failed and refused to do so.

8. As a result of Defendants' breach of their agreement to sell the Trucks to Arrow Truck, Arrow Truck has been damaged in an amount in excess of $570,000.00 plus interest as well as its reasonable attorney fees and court costs.

WHEREFORE Arrow Truck Sales, Incorporated prays for Judgment in Count I of this Petition against Top Quality Truck & Equipment, Inc. and Joe Gelfo, jointly and severally, in a principal amount in excess of $570,000.00 plus interest until paid in full as well as its reasonable attorney fees and court costs. Arrow Truck Sales, Incorporated further prays for any other Order or relief which the Court may deem just and equitable.

## COUNT II
**Fraud and Misrepresentation**

COMES NOW Arrow Truck Sales, Incorporated, by and through its counsel of record, and for its cause of action against Defendants, states and alleges as follows:

9. Arrow Truck restates each and every allegation, statement and averment set forth within Paragraphs 1-9, as if set forth in their entirety herein.

10. In order to induce Arrow Truck to purchase the Trucks, Top Quality and Gelfo, on January 24, 2014, delivered to Arrow Truck copies of the front side of titles to the Trucks and a copy of a back side for one of the titles, which are attached hereto as Exhibit "C" and are adopted in their entirety herein ("Titles").

11. Gelfo and Top Quality provided the Titles to Arrow Truck to show that Top Quality was the actual owner of the Trucks in order to induce Arrow Truck to purchase the Trucks.

12. The Titles prepared by Gelfo and sent to Arrow Truck falsely reflected that Top Quality was the owner of the Trucks.

13. As of January 24, 2014, Top Quality was not the owner of the Trucks.

14. As of the date Arrow Truck made payment for the purchase of the Trucks, Gelfo and Top Quality knew or should have known that Top Quality was not the owner of the Trucks.

15. The ownership of the Trucks was a material fact to Arrow Truck at the time Arrow Truck made payment for the Trucks.

16. Gelfo and Top Quality intended that the statement of ownership included on the back side of the one Title of the Trucks would induce Arrow Truck to make payment for the Trucks as directed by Gelfo.

17. Arrow Truck justifiably relied on the representation by Gelfo and Top Quality that Top Quality owned the Trucks and made payment for the Trucks as directed by Gelfo.

6703770 v2

18.     Arrow Truck would not have tendered payment to Defendants for the Trucks but for the fact that Defendants had represented Top Quality owned the Trucks free and clear of any liens and/or encumbrances.

19.     As a result of Defendants' fraud and misrepresentations, Arrow Truck tendered payment for the Trucks to Defendants and has been damaged in an amount in excess of $570,000.00.

WHEREFORE Arrow Truck Sales, Incorporated prays for Judgment on Count II against Defendants, jointly and severally, in an amount in excess of $570,000.00 plus interest until paid in full as well as its reasonable attorney fees and court costs.  Arrow Truck Sales, Incorporated further prays for any other Order or relief which the Court may deem just and equitable.

## COUNT III
### Negligence

COMES NOW Arrow Truck Sales, Incorporated, by and through its counsel of record, and for its cause of action against Defendants, states and alleges as follows:

20.     Arrow Truck restates each and every allegation, statement and averment set forth within Paragraphs 1-19, as if set forth in their entirety herein.

21.     Gelfo and Top Quality owed a duty of care to Arrow Truck to act reasonably under the circumstances and in conformance with industry norms.

22.     Gelfo and Top Quality owed a duty of care to Arrow Truck to ensure the use of reasonable security measures under the circumstances in safeguarding their computer system and email communications.

23.     Top Quality failed to instruct Gelfo to use reasonable security measures when using his computer in his business dealings with Arrow Truck and other customers of Top Quality.

24. Top Quality and Gelfo failed to observe industry norms in the protection of their communications by email with Arrow Truck.

25. As a result of Defendants' negligence, a third party was able to access Gelfo's computer system to generate false and inaccurate emails to Arrow Truck relating to the Trucks. As a further result of Defendants' negligence, an email from Gelfo's Gmail account directed Arrow Truck to tender payment for the Trucks to a bank account which was not received by Defendants. As a further result of Defendants' negligence, Defendants failed and refused to deliver the Trucks to Arrow Truck even after the payment was made to the bank account as directed by Gelfo in the email sent from Gelfo's email account.

WHEREFORE Arrow Truck Sales, Incorporated prays for Judgment on Count III against Defendants, jointly and severally, in an amount in excess of $570,000.00 plus interest until paid in full as well as its reasonable attorney fees and court costs. Arrow Truck Sales, Incorporated further prays for any other Order or relief which the Court may deem just and equitable.

Dated: December 29, 2014

        Respectfully Submitted,

          /s/ Tiffany C. Raush
        Tiffany C. Raush
        Florida Bar No.: 0084097
        SHOOK, HARDY & BACON, LLP
        100 N. Tampa Street, Suite 2900
        Tampa, Florida 33602
        Telephone: (813) 202-7100
        Facsimile: (813) 221-8837
        Email: traush@shb.com

        and

6703770 v2

        Justin J. Johl
        Florida Bar No.: *admitted pro hac vice*
        Michael Barnett
        Florida Bar No.: *admitted pro hac vice*
        SHOOK, HARDY & BACON, LLP
        2555 Grand Blvd.
        Kansas City, MO  64108-2613
        Telephone:  (816) 474-6550
        Facsimile:  (816) 421-5547
        Email: jjohl@shb.com
        Email: mbarnett@shb.com

        ***Attorneys for Plaintiff Arrow Truck Sales, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2014, I filed a true and correct copy of the foregoing through the Court's CM/ECF system, which will send notice of electronic filing to all attorneys of record.

        /s/ Tiffany C. Raush_____
        *Attorneys for Plaintiff,*
        *Arrow Truck Sales, Inc.*

6703770 v2