UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARROW TRUCK SALES,
INCORPORATED,

    Plaintiff,

v.                                            Case No.  8:14-cv-2052-T-30TGW

TOP QUALITY TRUCK & EQUIPMENT,
INC. and JOE GELFO,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (Dkt. 54) and Defendants' Response in Opposition (Dkt. 55).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, grants the motion to the extent that the Court rules, as a matter of law, that Defendant Joe Gelfo was acting as Defendant Top Quality Truck & Equipment, Inc.'s actual agent during the relevant time.

## BACKGROUND

Plaintiff Arrow Truck Sales, Incorporated and Defendant Top Quality Truck & Equipment, Inc. are in the business of buying and selling used semi-trucks and trailers throughout the country.  From 2009 - 2014, Defendant Joe Gelfo sold Arrow trucks on behalf of Top Quality.  Arrow brings the instant action against Defendants Top Quality and Gelfo

based on a failed transaction between the parties. Specifically, in January 2014, Gelfo, on behalf of Top Quality, negotiated the sale of twelve 2011 Mack CXU613 Trucks to Arrow for a total purchase price of $570,000. Gelfo had signed the certificates of title on Top Quality's behalf as the buyer of the trucks from Tri-State Truck Center. Gelfo also signed the certificates of title on behalf of Top Quality as the seller of the trucks to Arrow.

Arrow alleges that upon receipt of the invoices associated with the transaction, Arrow tendered payment to Top Quality by following wiring instructions Arrow received from Gelfo's email address. Arrow did not receive delivery of the subject trucks. Arrow later learned that its payment for the subject trucks was sent to an unknown third party who had hacked Gelfo's computer and e-mail account and sent Arrow false wiring instructions, purportedly on behalf of Gelfo. Subsequently, Top Quality refused to deliver the trucks to Arrow.

Arrow asserts three claims against Top Quality and Gelfo: breach of contract for failure to deliver the trucks; fraud and misrepresentation based on false titles used to induce Arrow to pay for the trucks; and negligence for Defendants' failure to use reasonable security measures to protect Defendants' business transactions conducted over Gelfo's email account.

Arrow moves for partial summary judgment solely on Defendants' defense that Top Quality is not liable for Gelfo's actions. As explained below, the record is undisputed that Gelfo was acting as Top Quality's agent with respect to the January 2014 transaction. Accordingly, Top Quality is accountable for Gelfo's actions with respect to the January 2014

transaction as a matter of law. The Court renders no opinion on the merits of Arrow's claims or on whether any liability on Defendants' part has been established.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Under Florida law, "[t]he essential elements necessary to establish an actual agency relationship are (1) acknowledgment by the principal that the agent will act for him, (2) acceptance by the agent of the undertaking, and (3) control by the principal over the agent's actions." *Amstar Ins. Co. v. Cadet,* 862 So. 2d 736, 741 (Fla. 5th DCA 2003) (citing *Villazon v. Prudential Health Care Plan, Inc.,* 843 So. 2d 842 (Fla. 2003) and *Goldschmidt v. Holman,* 571 So. 2d 422 (Fla. 1990)). Generally, a principal may be held vicariously liable for the acts of his or her agent committed within the scope of the agent's real authority. *See Daniel v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n,* 718 So. 2d 936 (Fla. 3d DCA 1998); *Warren v. Department of Admin.,* 554 So. 2d 568 (Fla. 5th DCA 1989).

The record is undisputed that Gelfo was acting as Top Quality's actual agent with respect to the January 2014 transaction for the subject trucks.  The record reflects that Top Quality acknowledged that Gelfo worked for it with respect to buying and selling trucks. Top Quality retained Gelfo to buy and sell trucks from June 2009, through May 2014, and Gelfo did not work for any other company during that time.  Gelfo had authority to sign certificates of title on Top Quality's behalf.  Gelfo's business cards reflected that he worked for Top Quality.  Gelfo's email communications reflected that he worked for Top Quality. Gelfo used Top Quality's physical address and fax number.

Defendants' response in opposition argues that Gelfo was not Top Quality's *employee*; this argument is without merit.  The record is undisputed that Gelfo was Top Quality's actual agent with respect to the transaction at issue in this case.  As such, Gelfo's actions that occurred in the scope of this transaction are attributable to Top Quality, regardless of Gelfo's employment status.  Defendants do not cite to anything in the record disputing Gelfo's authority to act on Top Quality's behalf with respect to the transaction at issue. Indeed, Top Quality acknowledges that Gelfo arranged the transaction with Arrow on Top Quality's behalf.  Top Quality also acknowledges that it controlled Gelfo with respect to the purchase and sale price of the trucks Gelfo transacted with other buyers and sellers on Top Quality's behalf.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment (Dkt. 54) is granted to the extent stated herein.

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-2052.partial-msj-agency-grant-54.frm