# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


**ARROW TRUCK SALES,
INCORPORATED,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**Case No.  8:14-cv-2052-T-30TGW**

**TOP QUALITY TRUCK & EQUIPMENT,
INC. and JOE GELFO,**

      **Defendants.**

_____/


## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Entitlement to Attorney's Fees (Dkt. 79).  Upon consideration of same, and being otherwise fully advised in the premises, the motion is denied.

After conducting a bench trial, this Court entered judgment in Defendants' favor (Dkt. 75).  Defendants now move for attorney's fees.  But there is no basis for fees in this case.  Specifically, and as Defendants acknowledge, the contract at issue did not include an attorney fee provision, and the relevant claims do not provide for an award of fees to the prevailing party.

Under the American Rule, litigants typically bear responsibility for their own attorney's fees unless a statutory authority or contractual provision allows for the assessment of fees in favor of the prevailing party.  *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991); *Pedraza v. United Guar. Corp.,* 313 F.3d 1323, 1331 (11th Cir. 2002).  It appears,

however, that Defendants are asking this Court to award fees based on their belief that Plaintiff's claims were frivolous and pursued in bad faith.  Federal courts are authorized to assess attorney's fees in certain "narrowly defined" circumstances, including cases where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers,* 501 U.S. at 45-46 (internal quotation marks omitted).  However, as the Supreme Court instructed in *Chambers,* inherent powers must be invoked with caution and "exercised with restraint and discretion."  *Id.* at 44, 50.

Here, the Court does not find that Plaintiff acted in bad faith.  The Court also does not find that Plaintiff's claims were frivolous.  Simply put, although Plaintiff did not ultimately prevail on its claims, Plaintiff's legal positions were not "clearly frivolous."  And Plaintiff did not conduct the litigation in an egregious or vexatious manner.  *Compare Chambers,* 501 U.S. at 32, 57 (upholding the decision to assess fees against a party who had: (1) attempted to deprive the court of jurisdiction by acts of fraud; (2) filed false and frivolous pleadings; and (3) attempted by other tactics of delay, oppression, harassment, and massive expense to reduce his opponent to "exhausted compliance").

It is therefore ORDERED AND ADJUDGED that Defendants' Motion for Entitlement to Attorney's Fees (Dkt. 79) is denied.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-2052.mtfees-deny-american-rule-79.wpd